# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. |
| | ) | 97-00099-CB |
| GERALD JONES, | ) | |
| | ) | |
| **Defendant** | ) | |

## ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit. Defendant Gerald Jones appealed the Court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines (Amendment 750). In that order, this Court found that the amendment did not lower the applicable guideline range based on the combined marijuana equivalency of the controlled substances--crack cocaine, cocaine and marijuana--involved in the offense. On appeal, the government conceded error based on the lack of any clear finding at sentencing regarding the amount of cocaine and marijuana attributable to the Defendant. After recalculating the sentencing guideline range based 1.5 kilograms of crack cocaine, the only drug quantity finding set forth at sentencing, the Court found the amended guideline range to be 262 to 327 months, proposed a mid-range sentence of 294 months on all counts to run concurrently, and gave the government an opportunity to object. The government has filed an objection. (Doc. 2317.)

When considering a motion for reduction of sentence under § 3582(c)(2), the Court must engage in a two-step process. *United States v.* Bravo, 203 F.3d 778, 780 (11th Cir. 2000). The first step—to recalculate the sentence under the amended guideline—has been accomplished. Next, the Court must consider whether a reduction is warranty and, if so, the extent of the reduction. *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009). At this step, the Court "(1) shall consider the factors embodied in 18 U.S.C. § 3553(a);[1] (2) shall consider the nature and seriousness of the danger to any person or the community that may be posed by the reduction; and (3) may consider the post-sentencing conduct of the defendant." *Id.* The Court made a preliminary consideration of these factors and indicated its intention to impose a mid-range sentence.[2]

Upon reconsideration of the above-cited factors in light of the government's objection, the Court remains convinced that a reduction is in order. However, the Court is also persuaded that the proposed mid-range sentence would be too lenient. As the government points out Defendant is eligible for a reduction due to a sentencing anomaly. At the time of sentencing, the Court saw no reason to resolve objections to the quantities of crack, powder cocaine, and marijuana attributed to

---

[1] Those factors include, inter alia: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense (3) deterrence, (4) public safety, (4) correctional treatment, (5) the Sentencing Guidelines and any policy statements by the Sentencing Commission, (6) sentences imposed in similar cases, and (7) restitution. 18 U.S.C. § 3553(a).

[2] The Court is not required to discuss each of these factors but need only acknowledge that it has considered them. *United States v. Vautier*, 144 F.3d 756, 759 (11th Cir. 1989).

the Defendant in the Presentence Investigation Report (PSR) because there was no question that 1.5 kilograms threshold for the maximum base offense level was met. Because the threshold levels for crack cocaine have been raised—and no quantity determinations were made at sentencing with respect to the other controlled substances—Defendant's guideline range has been lowered. The government's position that the lower guideline range should not result in a reduced sentence is based on two of the § 3553(a) sentencing factors: (1) the nature and circumstances of the offense and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment and deterrence. The government points to Defendant's status as the "kingpin" of a vast and lengthy drug conspiracy, his co-conspirators' use of violence, and his actual responsibility for more than 8.5 kilograms of crack and 250 to 350 kilograms of powder cocaine (even though those drug quantity determinations were not made at sentencing).

The Court is well aware of all the information pointed out by the government. Indisputably, he deserves stiff and harsh punishment for his transgressions. But the Defendant is nonetheless eligible for a reduction after almost 17 years of incarceration, and the legal landscape has changed a great deal over the past two decades. The Sentencing Guidelines are no longer mandatory, and Congress has, more than once, reduced mandatory minimums for crack cocaine offenses. Upon reconsideration of the proposed sentence reduction in light of the government's objection the Court conclude that a term less than 400 months is sufficient to promote punishment and deterrence, respect for the law, to reflect the seriousness

of the offense, and to address all of the concerns reflected by the §§ 3582(c)(2) and 3553(a). Considering the Defendant's age, the number of years he has been, and will be, removed from the community, and his satisfactory prison record, the Court finds that a reduction of sentence to 327 months, all counts concurrent, is appropriate.

**DONE** and **ORDERED** this the 18th day of February, 2014.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**